UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

CIVIL ACTION NO. 07-192-DLB

KAREN L. LAMB                                                    PLAINTIFF

vs.                          MEMORANDUM OPINION & ORDER

MICHAEL J. ASTRUE, Commissioner
of Social Security                                              DEFENDANT

* * * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Karen L. Lamb filed applications for disability insurance benefits (DIB) and social security income (SSI) payments on August 30, 2004 (date of protective filing). (Tr. 49-54, 337-41)  Plaintiff alleges she became unable to work on March 1, 2003. (Tr. 20, 55)  She alleges disability due to fibromyalgia, Raynaud's phenomenon, collagen vascular disease, rheumatoid arthritis, CREST syndrome, weight gain, bone density problems, and possible myocardial infarction. (Tr. 343)  Her applications were denied initially and on reconsideration. (Tr. 36-39, 41-43)  At Plaintiff's request, an administrative hearing was conducted on January 11, 2006, by Administrative Law Judge (ALJ) Joan A. Lawrence. (Tr. 352-80)  On May 24, 2006, the ALJ ruled that Plaintiff was not disabled and therefore not

1

entitled to DIB or SSI payments. (Tr. 20-26)  This decision became the final decision of the Commissioner when the Appeals Council denied review on April 17, 2007. (Tr. 5-7)

On June 11, 2007, Plaintiff filed the instant action.  The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication (Doc. #9, 10)

## II.   DISCUSSION

## A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof

2

shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that claimant has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 22)  At Step 2, the ALJ found Plaintiff's fibromyalgia, Raynaud's phenomenon, history of chest pain (non-cardiac), history of osteoporosis, and status post thyroid lobectomy to be severe impairments within the meaning of the regulations. (Tr. 22-23)  At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 24)  At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform "medium exertional work that requires no exposure to extreme cold temperatures and humidity." (Tr. 24-25)  Based upon this RFC, the ALJ concluded at Step 4 that Plaintiff was able to perform her past relevant work as a mobile home sales person, cashier, and substitute teacher. (Tr. 25-26)  Based on her findings at Step 4, the ALJ did not have to address Step 5.  Furthermore, because the evidence established that Plaintiff is not precluded from performing her past relevant work, the ALJ determined that Plaintiff was not disabled under the Social Security Act. (Tr. 26)

**C.    Analysis**

Plaintiff raises three challenges in her appeal.  The Court will address these challenges in turn.

3

### 1.    Opinions of Treating Physicians

Plaintiff claims the ALJ erred by failing to accord greater weight to the opinions of treating physicians B.J. Parson, M.D., an orthopedist, and Mengistu Yemane, M.D., a primary care physician. (Doc. #9-2 at 13-15)  The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *Houston v. Secretary,* 736 F.2d 365, 367 (6th Cir.1984), and is not contradicted by substantial evidence to the contrary.  *Loy v. Secretary,* 901 F.2d 1306, 1308-09 (6th Cir. 1990).  In this case, while acknowledging that there is some evidence of disability, the ALJ determined that the opinions of Drs. Parson and Yemane are contradicted by substantial evidence to the contrary.

Plaintiff argues that the ALJ erred by rejecting the opinions of two treating physicians in favor of a report by a consultative examiner completed one year and seven months before the ALJ's decision. (Doc. #9-2 at 13)  According to Plaintiff, the ALJ failed to provide an adequate rationale for not adopting the opinions of the treating physicians. (*Id.* at 14)  Contrary to Plaintiff's contention, however, the ALJ explicitly addressed the reasons she rejected the treating physicians' opinions.

The ALJ rejected Dr. Parson's opinion that claimant could perform light exertion with a sit-stand option, noting that "[t]his level of restriction is not supported by examination findings and diagnostic testing." (Tr. 25)  In support of this conclusion, the ALJ noted the "claimant has normal strength in her extremities and no evidence of neurological deficits." (*Id.*)  The ALJ also observed that "[t]here is no medical evidence supporting any impairment in her ability to walk or stand." (*Id.*)  The ALJ further commented that "Dr. Parson's opinions are not supported by the overall medical record including his own treatment notes."  (*Id.*)

4

Dr. Parson's treatment notes undermine his finding of disability.  During her December 30, 2003, visit for a foot fracture, Plaintiff stated that she "does not hurt that much." (Tr. 290)  On January 16, 2004, Plaintiff stated that she was "not having any real problem." (Tr. 290)  On February 28, 2005, Plaintiff complained of "increasing pain and difficulty."  However, Dr. Parson opined that, while Plaintiff would "fatigue easily" and had a sleep disorder, the examination was otherwise "benign." (*Id.*)  In light of this treatment history, the ALJ's decision to reject Dr. Parson's December 2005 opinion that Plaintiff is unable to engage in any sustained work activity is supported by substantial evidence. (Tr. 302-04)

Plaintiff argues that the ALJ erred when she observed that Dr. Parson's only positive clinical finding was "tenderness for palpation in the lower lumbar area." (Tr. 22-23)  Plaintiff notes that Dr. Parson treated Plaintiff for broken bones, obtained an abnormal bone density scan, and sent her for blood panels that were abnormal. (Doc. #9-2 at 9)  While the ALJ's characterization of Dr. Parson's clinical findings may not have been wholly accurate, this does not dictate a determination that the ALJ's conclusion lacks substantial evidence.

The ALJ also rejected the opinion of Dr. Yemane as being overly restrictive.  The ALJ noted that Dr. Yemane imposed restrictions that would preclude work at any exertional level. (Tr. 25)  Dr. Yemane opined that Plaintiff could never/rarely squat, bend, crawl, climb, stoop, crouch, kneel, or lift more than 10 pounds.  (Tr. 334-35)  As the ALJ pointed out, Dr. Yemane provided no medical findings to support this level of restriction. (Tr. 25)  Specifically, the ALJ commented that "[t]here are no reports of extremity abnormalities in his most recent office notes and all diagnostic tests performed (including x-rays in 2006) were normal." (*Id.*)  Plaintiff argues that the ALJ's statement that Dr. Yemane's records

5

reveal no positive radiographic or other diagnostic evidence is erroneous. (Tr. 23)  Plaintiff argues that radiographic evidence is not probative of Raynaud's phenomenon, fibromyalgia, or inflammatory, systemic illnesses, such as rheumatoid arthritis or scleroderma. (Doc. #9-2 at 9)  Even if one accepts claimant's argument, this does not change the result.  The ALJ found no evidence of rheumatoid arthritis. (Tr. 22) The record merely suggests that scleroderma is possible based on an assessment completed by Dr. Yemane. (Tr. 309).  With respect to fibromyalgia, the ALJ did not find Plaintiff's allegations of totally disabling pain to be entirely credible. (Tr. 24)  The ALJ explicitly acknowledged Plaintiff's diagnosis of Raynaud's phenomenon, providing:

> While the objective evidence clearly establishes a diagnosis of Raynaud's phenomenon, the longitudinal record does not establish listing level severity. In 2004, Dr. Reichard found no apparent physical evidence of Raynaud's phenomenon or inflammatory disease.  While this does not discount the diagnosis of medical history, it establishes the claimant had no current ulcerations, ischemia or gangrene in the extremities.  Moreover, there is no evidence of treatment for these conditions in the most recent medical records.  I note that the 2006 office notes of Dr. Yemane do not report physical examination findings in this regard.  Certainly, ulceration, ischemia, or gangrene would merit documentation and treatment, if present.  Therefore, the claimant's condition does not meet Listing 14.04.

(*Id.* (internal citation omitted))   Thus, while the claimant has been diagnosed with Raynaud's phenomenon, its level of severity does not warrant a finding of disability.

Moreover, the ALJ highlighted a number of instances in which the record evidence contradicts the opinions of the treating physicians that Plaintiff is disabled.  Specifically, the ALJ observed that the opinions of Drs. Parson and Yemane were contradicted by the consultative examination findings of Jeff Reichard, M.D.  Dr. Reichard examined the claimant in October 2004. (Tr. 248-51)  The ALJ noted that Dr. Reichard did not report any evidence of rheumatoid arthritis, lupus, or other inflammatory conditions. (Tr. 24-25)

6

Likewise, Dr. Reichard found that Plaintiff was not impaired in her ability to walk and had a normal range of motion in all joints. (Tr. 25)  The ALJ further commented that Dr. Reichard's conclusions were not contradicted by the clinical findings of Drs. Parson and Yemane.  Rather, any contradictory findings were based on Plaintiff's subjective complaints.  Adding credibility to the ALJ's determination is the fact that she did not adopt the findings of the state agency reviewing physicians wholesale.  Rather, she rejected reports by these examiners which determined that the claimant's physical impairments were less than severe. (Tr. 25)

Although the ALJ's explanation as to why she rejected the opinions of the treating physicians could have been more complete, it was sufficient.  A review of the record as a whole indicates that the ALJ's determination is supported by substantial evidence.

### 2.    Plaintiff's Allegation of Disabling Pain

Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ.  *Siterlet v. Secretary of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987) (per curiam).  Pain alone, if the result of a medical impairment, may be severe enough to constitute disability.  *Kirk v. Secretary of H.H.S.,* 667 F.2d 524, 538 (6th Cir. 1981).  However, in order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition.  If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain.  *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994); *Jones v.*

7

*Secretary of H.H.S.*, 945 F.2d 1365, 1369 (6th Cir. 1991).

Here, the ALJ ultimately found that, while "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, ... the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 24)  In support of this determination, the ALJ noted that "the majority of positive reports are based on subjective complaints of pain." (Tr. 25) Thus, she concluded that "[b]ased on the lack of corroborating objective diagnostic evidence or clinical findings regarding the subjective complaints," the claimant's allegation of totally disabling pain was not credible. (*Id.*)  The deficiencies and inconsistencies in the objective medical evidence  have been addressed in the preceding section.

Beyond the lack of objective evidence, Plaintiff's activities further undermine her allegations of total disability.  For instance, during a January 2006 visit with Dr. Yemane, Plaintiff stated that her primary form of exercise was walking two days a week. (Tr. 329) Plaintiff also stated that she is able to perform household chores and shops on occasion. (Tr. 73)

It should be noted that the ALJ did not wholly reject claimant's allegations of disabling pain.  Instead, the ALJ gave Plaintiff the benefit of the doubt, limiting her to medium exertional work, which is a more restrictive level than that recommended by state agency reviewing physicians. (Tr. 25)

Where the medical evidence is consistent, and supports Plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit Plaintiff's testimony and deny benefits. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984).  Where, however, the medical evidence conflicts, and there is substantial evidence supporting and opposing a finding of

8

disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam).  The ALJ explicitly acknowledged Plaintiff's medical issues.  However, rather than accept Plaintiff's claims of debilitating pain at face value, the ALJ determined that the record as a whole did not support a conclusion that Plaintiff suffered from disabling pain.  Based on the record, the ALJ determined that Plaintiff's allegations regarding pain lacked credibility.  Credibility determinations related to a claimant's subjective pain complaints rest with the ALJ.  *Siterlet*, 823 F.2d at 920.  There is no basis to reverse the Commissioner's decision on this ground.

One further matter deserves brief comment.  Plaintiff argues that the ALJ "failed to take into account [claimant's] inability to pay for proper medical care, in derogation of Social Security Ruling 96-7p." (Doc. #9-2 at 12)  While it is true that the ALJ did not address this issue, such a discussion was not necessary in light of the fact that the ALJ's opinion was not based on Plaintiff's failure to seek or pursue regular medical treatment.  Rather, the ALJ based her opinion on the lack of objective support for the opinions of claimant's treating physicians and claimant's activities of daily living.  If the ALJ had focused on claimant's failure to seek medical treatment or obtain prescribed medications in reaching her determination, such a discussion may have been warranted.

### 3.    Residual Functional Capacity

Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence.  In support of this position, Plaintiff relies on the opinions of Drs. Parson and Yemane.  The lack of objective medical evidence supporting these opinions and their inconsistencies with the other evidence of record have been addressed in the preceding sections. Plaintiff complains that the ALJ failed to address certain conditions and limitations

9

when formulating claimant's RFC.  However, an ALJ is not required to assume conditions

or limitations when the ALJ does not find them to be credible or supported by the evidence.

*See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff further points to certain pieces of evidence that the ALJ allegedly ignored.  While

the ALJ did not address every single piece of evidence in the record, she did sufficiently

consider the evidence of record as a whole.  The Sixth Circuit has provided:

> An ALJ can consider all the evidence without directly addressing in his written
> decision every piece of evidence submitted by a party.  Nor must an ALJ
> make explicit credibility findings as to each bit of conflicting testimony, so
> long as his factual findings as a whole show that he implicitly resolved such
> conflicts.

*Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999 (internal

citations and quotations omitted)).

## III.   CONCLUSION

The record contains ample evidence supporting the ALJ's finding that Plaintiff is not

disabled.  While the record contains conflicting opinions as to Plaintiff's functional ability,

the Court finds that the ALJ properly performed her duty as trier of fact in resolving the

conflicts in the evidence.  *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by

substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9)

is hereby **DENIED**.

10

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 17th day of July, 2008.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-07-192-LambMOO.wpd

11